IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSEPH LAMONT STOKES,
No. 05556-046,

Petitioner,

vs.

WARDEN CROSS,

Respondent.                                             Civil No. 13-cv-998-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Joseph Lamont Stokes, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. Specifically, he disputes the denial of his request for transfer to another institution pursuant to 18 U.S.C. § 3621(b).

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner was found guilty of being a felon in possession of a firearm, and was sentenced on April 19, 2001, to 240 months in prison. *United States v. Stokes*, Case No. 00–cr–00003 (D. Mont. April 19, 2001). His petition indicates that he has a projected release date in 2017 (Doc. 1–1, p. 2). He asserts that respondent has not properly considered his eligibility for transfer to the Chicago Residential Reentry Center by giving him an individualized assessment of an appropriate placement pursuant to the five factors enumerated in 18 U.S.C. § 3621(b).[1]

Instead of considering the statutory criteria, respondent summarily rejected petitioner's transfer request based on his projected release date. Petitioner was told he would be considered for placement in a Residential Reentry Center ("RRC") at a future date closer to his expected release. Petitioner argues that respondent has misapplied 18 U.S.C. § 3624(c), which governs pre-release placement in an RRC for the final 12 months of a prisoner's sentence, to exclude his placement in such a facility at any time prior to those final 12 months. He insists that he was not seeking pre-release placement in an RRC under § 3624(c), but was instead asking to be transferred under the provisions of § 3621(b). He asserts that all placement and transfer decisions must include consideration of all

---

[1] The five statutory factors to be considered in designating the place of a prisoner's confinement are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

the Section 3621(b) factors, and respondent's failure to do so (on four occasions) was contrary to this statutory requirement and violated petitioner's due process rights.

In this action, petitioner seeks an order requiring respondent to immediately transfer him to the Chicago RRC. He also asks the Court to order respondent to properly consider each factor listed in Section 3621(b).

Petitioner asserts that he has fully exhausted his administrative remedies prior to bringing this action, because he submitted his final appeal (BP–11) to the General Counsel of the Bureau of Prisons on June 12, 2013, and has not received a response within the time allotted for a response.

### Disposition

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a) (2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.

**IT IS SO ORDERED.**

Signed this 29th day of October, 2013.

David R. Herndon
2013.10.29
16:50:24 -05'00'

**Chief Judge**
**United States District Court**